UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG ELIOT NORRIS, II,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DAN PACHOLKE,<br><br>　　　　Respondent. | Case No. 08-0639-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Craig Eliot Norris, II, a state inmate proceeding *pro se*, has filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his October 2005 conviction and sentence for first degree robbery with a firearm enhancement. Dkt. No. 1. Respondent has filed a motion to dismiss the petition, Dkt. No. 11, to which petitioner has replied, Dkt. No. 13. After careful consideration of the petition, the briefs, all governing authorities and the balance of the record, the Court recommends that respondent's motion to dismiss be GRANTED and this case DISMISSED with prejudice.

## II. FACTS AND PROCEDURAL HISTORY

On October 14, 2005, petitioner pled guilty as charged to one count of first degree robbery with a firearm enhancement in Snohomish County Superior Court. Dkt. No. 11-2, Exh. 2. On October 25, 2005, that court entered judgment against petitioner, imposing a standard range sentence of 108 months plus a 60-month enhancement for using a firearm, for a total term of confinement of 168 months. Dkt. No. 11-2, Exh. 3.

Petitioner did not appeal his conviction. Instead, on September 21, 2006, petitioner filed a personal restraint petition with the Washington Court of Appeals. Dkt. No. 11-2, Exh. 4. The Washington Court of Appeals dismissed his personal restraint petition on October 11, 2006. Dkt. No. 11-2, Exh. 5. Petitioner appealed by seeking review with the Washington Supreme Court on November 9, 2006. Dkt. No. 11-2, Exh. 7. The Washington Supreme Court denied review on December 21, 2006. Dkt. No. 11-2, Exh. 8.

Petitioner then filed a Motion to Modify Judgment and Sentence in Snohomish County Superior Court on April 30, 2007. Dkt. No. 11-2, Exh. 11. On June 7, 2007, the Superior Court transferred the motion to the Washington Court of Appeals for consideration as a second personal restraint petition. Dkt. No. 11-2, Exh. 12. On July 9, 2007, the Washington Court of Appeals dismissed petitioner's second personal restraint petition. Dkt. No. 11-2, Exh. 13. Petitioner sought discretionary review with the Washington Supreme Court on July 31, 2007, Dkt. No. 11-2, Exh. 15, and was denied on October 26, 2007, Dkt. No. 11-2, Exh. 16. On November 21, 2007, petitioner filed with the Washington Supreme Court a motion to modify the Court's denial of discretionary review, Dkt. No. 11-2, Exh. 18, which was denied by the Court on February 6, 2008, Dkt. No. 11-2, Exh. 17.

Petitioner filed the instant petition for writ of habeas corpus in federal court on April 21, 2008. Dkt. No. 1. Petitioner is currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington.

## III. CLAIM FOR RELIEF

Petitioner's § 2254 habeas petition raises three grounds for relief: (1) that there was nothing extraordinary in petitioner's charged conduct that warranted an enhanced sentence because there were no aggravators; (2) that the sentencing court materially departed from its statutory sentencing authority; and (3) that his petition for writ of habeas corpus should not be deemed an abused writ because he is proceeding *pro se*. Dkt. No. 1.

## IV. DISCUSSION

### A. AEDPA's Statute of Limitations Bars Petitioner's Claim.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs petitions for habeas corpus filed by prisoners who were convicted in state courts. *See* 28 U.S.C. § 2254. AEDEPA contains a one-year statute of limitations for § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states that the one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The record before the Court makes plain that petitioner's § 2254 petition was not timely filed in accordance with AEDPA's one-year statute of limitations. Petitioner's judgment became final, for purposes of federal law, on November 24, 2005, when the 30-day period for

seeking direct review of petitioner's October 25, 2005 judgment and sentence ended. Dkt. No. 11-2, Exh. 3; 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001) (holding that under § 2244, "a conviction becomes final at the later of either the conclusion of direct review or the expiration of the time for seeking such review"); *see also* Wash. R.A.P. 5.2(a) (stating that notice of appeal must be filed within 30 days after entry of decision by the trial court). Therefore, the one-year AEDPA statute of limitations began to run on November 25, 2005, the following day. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (noting that AEDPA's statute of limitations commences the day after a petitioner's conviction becomes final, in accordance with Fed. R. Civ. P. 6(a)).

The statute of limitations ran for 301 days until it was tolled on September 21, 2006 when petitioner filed his first personal restraint petition with the Washington Court of Appeals. Dkt. No. 11-2, Exh. 4; 28 U.S.C. § 2244(d)(2) (stating that the time during which a properly filed application for state post-conviction or other collateral review is pending shall toll the statute of limitations). The Washington Court of Appeals dismissed his personal restraint petition on October 11, 2006, Dkt. No. 11-2, Exh. 5, and the Washington Supreme Court denied review on December 21, 2006, Dkt. No. 11-2, Exh. 8. Therefore, the statute of limitations began to run again on December 22, 2008.

The statute of limitations ran for another 130 days until it was tolled when petitioner in effect filed a second personal restraint petition on April 30, 2007. Dkt. No. 11-2, Exh. 11. Petitioner's second personal restraint petition was ultimately denied by the Washington Supreme Court on February 6, 2008. Dkt. No. 11-2, Exh. 17. Consequently, the statute of limitations commenced running again on February 7, 2008.

Another 75 days subsequently ran before petitioner filed the instant petition in federal court on April 21, 2008. Dkt. No. 1; *see also Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (holding that *pro se* habeas petitions are deemed filed for the purposes of AEDPA's statute of limitations the moment delivered to prison authorities for mailing to court).

REPORT AND RECOMMENDATION
PAGE - 4

1 Accordingly, a total of 506 days elapsed between the date that petitioner's conviction became
2 final and the filing of his federal habeas petition, and therefore his petition is clearly time-
3 barred under AEDPA.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

        B.        <u>Petitioner Is Not Entitled To Equitable Tolling</u>.

Because petitioner's federal habeas petition is untimely, the Court must dismiss the petition unless he demonstrates that he is entitled to equitable tolling of the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)).  Equitable tolling will be unavailable in most cases. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) ("Equitable tolling is unavailable in most cases, and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotations omitted); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  In the present case, the Court finds that petitioner has failed to adduce any evidence that he is entitled to equitable tolling.

---

[1] Petitioner asserts that his habeas petition is timely under § 2244(d)(1)(C) because he has asserted a new constitutional right first recognized by the United States Supreme Court in *Cunningham v. California*, 549 U.S. 270 (2007), which was decided on January 22, 2007.  *See* Dkt. No. 1 at 13.  However, the Ninth Circuit has held that *Cunningham* did not announce a new rule of constitutional law, *see Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008), and therefore § 2244(d)(1)(C) is inapplicable.

V. CONCLUSION

For the foregoing reasons, this Court recommends that respondent's motion to dismiss be GRANTED and this case DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of November, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge